MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 West Charleston Blvd., #95
Las Vegas, NV  89102
(702) 870-8700
(702) 870-0034 Fax
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

DAN L. WULZ, )
  )
    Plaintiff, )
  ) No.
vs. )
  )
ENHANCED RECOVERY CORPORATION, )
a foreign corporation, )
  )
    Defendant. )
  ) JURY DEMANDED

COMPLAINT

JURISDICTION

1. The jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and the doctrine of supplemental jurisdiction.  Venue lies in the Southern Division of the Judicial District of Nevada as Plaintiff's claims arose from acts of the Defendant(s) perpetrated therein.

PRELIMINARY STATEMENT

2. This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), and of related state law obligations brought as supplemental claims hereto.

3.   In 2007, Defendant initiated a campaign of abusive, unfair, unreasonable, and unlawful debt collection activity directed against Plaintiff in Las Vegas, Nevada.

4.   As a result of these and other violations of law, Plaintiff seeks hereby to recover actual and statutory damages together with reasonable attorney's fees and costs.

PARTIES

5.   Plaintiff, Dan L. Wulz, is a natural person who resides in Las Vegas, Nevada, and is "any person" as defined by 15 U.S.C. Section 1692(k)(a). *Whatley v. Universal Collection Bureau, Etc.*, 525 F. Supp. 1204 (1981).

6.   Defendant, Enhanced Recovery Corporation, is a foreign corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Jacksonville, FL, and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. Section 1692a(6).

FACTUAL ALLEGATIONS

7.   Plaintiff(s) repeat, reallege and assert all factual allegations contained in the preliminary statement to this Complaint and reassert them as incorporated in full herein.

8.   Plaintiff is the Deputy Executive Director of Clark County Legal Services.

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

9. Approximately one year ago Plaintiff received a new home telephone number.

10. Over the last months Plaintiff has received calls from Defendant attempting to collect money from *Donald Bruce*.

11. Plaintiff has bent over backwards urging Defendant to simply leave him alone.

12. Defendant called Plaintiff numerous times over the last few months.

13. Plaintiff has records of automated calls left on December 31, 2007, January 4, 2008, January 19, 2008, and January 21, 2008.

14. Defendant left return call numbers 800-305-5557 and 800-326-0120 on its sundry messages.

15. On January 21, 2008, Plaintiff called Defendant.

16. Plaintiff he explained he was not *Mr. Bruce* and received assurance that there would be no more calls from Defendant.

17. Defendant called again on January 22, 2008, January 29, 2008, February 2, 2008, and February 4, 2008.

18. On February 4, 2008, Plaintiff again called Defendant.

19. Plaintiff advised Defendant's representative both who he was and that this was his second call requesting to be left alone.

20. The representative assured Plaintiff he would receive no further calls from Defendant.

21. Defendant called again on both February 9 and February 11, 2008.

22. Defendant's continued phone contacts to Plaintiff, at times and at a place known to be inconvenient to Plaintiff, were made in violation of FDCPA § 1692c(a)(1). <u>Fox v. Citicorp Credit Services, Inc.</u>, 15 F.3d 1507, 1516, fn. 10 (9th Cir. 1994), <u>Austin</u>

3

v. Great Lakes Collection Bureau, Inc., 834 F. Supp. 557, 559 (D. Conn. 1993).

23. The Defendant's repeated recalls to Plaintiff constituted harassment in violation of FDCPA §§ 1692d and 1692d(5). Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1516 (9th Cir. 1994), Bingham v. Collection Bureau, Inc., 505 F. Supp. 864, 873 (1981), Kuhn v. Account Control Technology, Inc., 865 F. Supp. 1443, 1452-53 (D. Nev. 1994).

24. The foregoing acts and omissions of Defendant were undertaken by it willfully, maliciously, and intentionally, knowingly, and/or in gross or reckless disregard of the rights of Plaintiff.

25. Indeed, the foregoing acts and omissions of Defendant were undertaken by it indiscriminately and persistently, as part of its regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of Plaintiff.

26. As a proximate result of the foregoing acts and omissions of Defendant, Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

27. As a result of the foregoing acts and omissions of Defendant, and in order to punish Defendant for its outrageous and malicious conduct, as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

. . .

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

## CAUSES OF ACTION

### COUNT I

28. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to, Sections 1692d, 1692e, 1692f and 1692g.

29. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

### COUNT II

30. The foregoing acts and omissions constitute unreasonable debt collection practices in violation of the doctrine of Invasion of Privacy. *Kuhn v. Account Control Technology, Inc.*, 865 F. Supp. 1443, 1448-49 (D. Nev. 1994); *Pittman v. J. J. Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613-14 (D. of Nev. 1997).

31. Plaintiff is entitled to recover actual damages as well as punitive damages in an amount to be proven at trial.

### JURY DEMANDED

Plaintiff hereby demands trial by a jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1. Award actual damages.
2. Award punitive damages.
3. Award statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.
4. Award reasonable attorney fees.
5. Award costs.

5

6. Grant such other and further relief as it deems just and proper.

Respectfully submitted,

_____
MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd. #95
Las Vegas, NV  89102
Attorney for Plaintiff

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102

(702) 870-8700

6